IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>) | Criminal Action No. 14-106 |
| v.  )<br>)<br>) | |
| MAURICE DEMERY, )<br>    Defendant. ) | |

## MEMORANDUM OPINION

**CONTI, Senior District Judge**

### I.    Introduction

Pending before the court is motion to modify conditions of supervised release to permit marijuana use (ECF No. 794) by defendant Maurice Demery ("Demery" or "defendant"). According to Demery, he has a medical marijuana card issued by the Pennsylvania Department of Health Medical Marijuana Center. (Id. ¶ 9.) Demery requests permission from the court to use marijuana while on supervised release "to treat his knee pain, back pain and anxiety." (Id. ¶ 10.) The government opposes Demery's request because "marijuana possession is illegal under federal law and may not be authorized as a condition of supervision." (ECF No. 797 at 2 (citing United States v. Cannon, 36 F.4th 496, 499 (3d Cir. 2022).) The government is correct; Demery's request requires this court to modify his conditions of bond to permit him to violate federal law. This court is without authority to permit Demery to violate federal law and use marijuana. Cannon, 36 F.4th at 500. Demery's motion will, therefore, be denied.

### II.    Procedural History and Background

On May 10, 2017, Demery pleaded guilty to a lesser included offense at count one of the second superseding indictment, i.e., conspiracy to distribute and possess with intent to distribute 100 grams or more of heroin, a Schedule I controlled substance, in violation of 21 U.S.C. § 846. On September 6, 2017, the court sentenced Demery to a term of imprisonment of 84 months and a term of supervised release of 4 years. (ECF No. 567.) The court imposed upon Demery conditions of supervised release, including the condition that Demery was prohibited from committing another federal, state, or local crime and illegally possessing a controlled substance. (Id. at 3; 18 U.S.C. § 3583(d).)

On December 12, 2020, the court granted Demery's motion for compassionate release filed pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), and resentenced Demery to a term of supervised release of 5 years, with the first 11 months to be served on electronic home monitoring. (ECF No. 753.) The court ordered that all other conditions of supervised release would remain in full force and effect, including the conditions that Demery not commit another federal, state, or local crime or illegally possess a controlled substance. (Id.)

According to the government, Demery commenced his term of supervised release on December 23, 2020. On June 28, 2022, Demery filed the pending motion to modify the conditions of his supervised release to permit him to use marijuana pursuant to his Pennsylvania medical marijuana card. (ECF No. 794.) On July 5, 2022, the government filed its response in opposition to Demery's motion. (ECF No. 797.)

Demery's motion to permit use of prescribed medical marijuana having been fully briefed is now ripe to be decided by the court.

**III.    Discussion**

2

Pursuant to 18 U.S.C. § 3583(d), the court must impose a mandatory condition of supervised release that the defendant not commit another federal, state, or local crime. Demery is subject to that condition.  The possession of marijuana, with one limited exception, is a federal crime. 21 U.S.C. §§ 812(c) and 844(a); Gonzales v. Raich, 545 U.S. 1, 14 (2005)  ("By classifying marijuana as a Schedule I drug, as opposed to listing it on a lesser schedule, the manufacture, distribution, or possession of marijuana became a criminal offense, with the sole exception being use of the drug as part of a Food and Drug Administration preapproved research study."). The Third Circuit Court of Appeals has explained: "[I]t is beyond dispute that the use and possession of marijuana—even where sanctioned by a State—remains a violation of federal law." United States v. Cannon, 36 F.4th 496, 498 (3d Cir. 2022).

The federal law prohibiting the possession of marijuana, therefore, conflicts with Pennsylvania law permitting the use of medical marijuana.  The Supreme Court of the United States has explained: "The Supremacy Clause unambiguously provides that if there is any conflict between federal and state law, federal law shall prevail." Gonzales, 545 U.S. at 29. This court is without authority to permit Demery to violate federal law; indeed, the court of appeals in Cannon explained:

> [U]se of marijuana for medical purposes, even where sanctioned by state law, remains a violation of federal law for purposes of § 3142(b), and **a District Court may not disregard that violation when deciding if a defendant has complied with the terms of their release.**

Cannon, 36 F.4th at 500 (emphasis added); Mitchell-Yarbrough, 2021 WL 3738911, at *8 (explaining that despite "differing conclusions on how to manage Defendants using medical marijuana on supervised release,…there has been general uniformity…[that a]

Court cannot...modify the mandatory conditions of a Defendant's [ ] release to permit him to violate federal law by using medical marijuana.") (collecting decisions).

Based upon the foregoing, Demery's motion to modify the conditions of his supervised release to permit the use of medical marijuana will be denied.[1]

### IV.     Conclusion

Demery's motion to modify conditions of supervised release will be denied. An appropriate order will be entered.

**BY THE COURT**,

Dated: November 8, 2022

**/s/ JOY FLOWERS CONTI**
Joy Flowers Conti
Senior United States District Court Judge

---

[1] The Consolidated Appropriations Act Rider of 2020 (the "Rider"), which "prohibits [the Department of Justice]...from using funds to prevent Pennsylvania from implementing its own laws that authorize the use, distribution, possession, or cultivation of medical marijuana," does not compel a different conclusion. Mitchell-Yarbrough, 2021 WL 3738911, at *8. As the court in Mitchell-Yarbrough explained, the Rider is not a source of authority for this court to permit a defendant to violate federal law. Courts have recognized that the Rider is relevant—if at all—only when a defendant invokes "the Rider as a means for preventing the DOJ from expending funds to prosecute federal marijuana violations that otherwise comply with state law." Id. Thus, the Rider becomes relevant—if at all—"only if or when the Probation office petitions to violate [a] Defendant under the terms of his release and the Government attempts to prosecute said petition." Id.